**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| DAVID WOHLGEMUTH,<br><br>Plaintiff,<br><br>v.<br><br>SPECIAL MANAGEMENT UNIT, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 5:26-cv-330-CAR-AGH |

**ORDER**

Pending before the Court is a pleading filed by *pro se* Plaintiff David Wohlgemuth, a prisoner currently confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a supplement to his Complaint (ECF No. 5) and a motion for leave to proceed *in forma pauperis* (IFP) that contains a request for appointed counsel (ECF No. 6). For the following reasons, Plaintiff must (1) either pay the Court's filing fee in full or submit a proper and complete motion for leave to proceed IFP and (2) recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed. Plaintiff's request for appointed counsel is **DENIED.**

**MOTION TO PROCEED IFP**

The Court finds that Plaintiff's motion to proceed IFP is incomplete. A prisoner seeking to proceed IFP must submit (1) an affidavit in support of his claim

of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff has not submitted a certified copy of his trust fund account information. Without this information, the Court cannot determine whether Plaintiff is entitled to proceed IFP or calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915(b)(1), which directs the district court to assess an initial partial filing fee when funds are available.

Plaintiff is thus **ORDERED** to either pay the Court's $405.00 filing fee in full or submit a complete and proper motion to proceed IFP within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff's motion must include a certified copy of his trust fund account statement for the six months prior to the filing of the Complaint in this action. The Clerk shall provide Plaintiff a copy of the appropriate forms to use, marked with the case number for this action.

**REQUEST FOR APPOINTED COUNSEL**

Plaintiff also seeks the appointment of counsel. IFP Motion 3, ECF No. 6. "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996), *as amended* (Sept. 6, 1996)). In determining whether a case presents

extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court considered Plaintiff's motion and concludes that the appointment of counsel is not justified. Plaintiff demonstrates the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's request for appointed counsel is **DENIED**.[1] Should it later become apparent that legal assistance is required in

[1] The federal IFP statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

**ORDER TO RECAST COMPLAINT**

If Plaintiff wishes to continue with this action, he is **ORDERED** to recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that identifies, by name, each individual or entity Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1) and the supplement thereto (ECF No. 5). Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limit includes (and is not in addition to) the pages making up the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.** Accordingly, any

fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue, and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

The Clerk shall send Plaintiff a copy of the Court's standard § 1983 form, marked with the case number for this case. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

## CONCLUSION

Based on the foregoing, Plaintiff's request for appointed counsel is **DENIED,** and he is **ORDERED** to (1) pay the $405.00 filing fee in full or submit a complete and proper motion for leave to proceed IFP, to include a certified copy of his prison trust fund account information, and (2) recast his Complaint as explained above within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** Plaintiff shall notify the Court immediately in writing of any change in his mailing address. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 17th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE